Madison Sq. Garden Sports Corp. v Factory Mut. Ins. Co. (2023 NY Slip Op 00732)

Madison Sq. Garden Sports Corp. v Factory Mut. Ins. Co.

2023 NY Slip Op 00732

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 651521/21 Appeal No. 17281 Case No. 2022-02068 

[*1]Madison Square Garden Sports Corp., et al., Plaintiffs-Appellants,
v
Factory Mutual Insurance Company et al., Defendants-Respondents.

Pasich LLP, New York (Kirk Pasich of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
Winston & Strawn LLP, New York (Harvey Kurzweil of counsel), for Factory Mutual Insurance Company, respondent.
Dentons US LLP, New York (Sandra D. Hauser of counsel), for AIG Specialty Insurance Company, respondent.
DLA Piper LLP (US), New York (Michael D. Hynes of counsel), for Allianz GlobalCorporate and Specialty SE, respondent.
Mound Cotton Wollan & Greengrass LLP, New York (Wayne R. Glaubinger of counsel), for Assicurazioni Generali SPA (UK Branch), respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered January 7, 2022, which granted defendants' motion pursuant to CPLR 3211(a)(1) and (7) for partial dismissal of the complaint except as to the claims for coverage under the policies' communicable disease and claims preparation costs provisions, unanimously affirmed, with costs.
The court correctly granted defendants' motion for partial dismissal of the complaint. As we recently affirmed in Consolidated Rest. Operations, Inc. v Westport Ins. Corp. (205 AD3d 76, 80-87 [1st Dept 2022], lv granted in part, dismissed in part 39 NY3d 943 [2022]), to recover under the terms of policies that insure against physical loss or damage, the plaintiffs must allege actual physical damage (see Roundabout Theatre Co. v Continental Cas. Co., 302 AD2d 1, 6 [1st Dept 2002]). Accordingly, alleging loss based on COVID-19-related closures is insufficient to state a cause of action for breach of contract and insufficient to warrant coverage under plaintiffs' policies with defendant insurance companies (see id. at 6-7).
The court properly declined plaintiffs' request to take judicial notice of various executive orders, scientific studies, and other matters, as the cited portions of those documents are not "matter[s] of common and general knowledge, well-established and authoritatively settled" (TOA Constr. Co., Inc. v Tsitsires, 54 AD3d 109, 115 [1st Dept 2008] [internal quotation marks omitted]).
Because plaintiffs failed to allege physical damage or loss, we need not reach the parties' arguments regarding whether the policies' contamination, pollution, and loss of
use exclusions also barred recovery. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023